IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIAM FREENY                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:11cv17-DPJ-FKB

GRIFFIN INDUSTRIES, INC.                                                                    DEFENDANT

ORDER

This personal-injury case comes before the Court on Defendant Griffin Industries, Inc.'s Motion for Partial Summary Judgment [18], filed on November 30, 2011.  Griffin contends that Plaintiff William Freeny cannot establish a causal connection between certain damages and the motor-vehicle accident at the heart of this case.  Having fully considered the issues and the parties' submissions in light of the applicable standards, the Court finds that the motion should be granted.

I.     Facts and Procedural History

Freeny alleges that he suffered various injuries when his Buick LeSabre drove over a tire that separated from a Griffin truck on February 18, 2008.  At the time of the accident, Freeny was already under the care of Dr. Michael Winkelmann, a Physical Medicine physician with NewSouth NeuroSpine.  Dr. Winkelmann began treating Freeny at least eight years before this accident for cervical facet syndrome following a work-related accident.  On June 28, 2000, Dr. Winkelmann executed an affidavit in which he expressed his opinion, "based upon a reasonable degree of medical certainty that Mr. Freeny's injuries arose from [an] accident which occurred during his employment at Revell Hardware, Inc. on or about November 20, 1997."  Mot. Summ. J. [18], Ex. B, Winkelmann Aff.  At that time, Freeny was taking Oxycontin and making monthly visits to Dr. Winkelmann.  Winkelmann further opined, based upon a reasonable degree of

medical certainty, "that Mr. Freeny will remain on said medication and be in need of monthly evaluations for the remainder of his life." *Id.*

From that time through the present, Freeny has remained under the care of Dr. Winkelmann and NewSouth NeuroSpine and has maintained a consistent regimen of prescribed pain medication. For example, on February 14, 2008, just four days before the subject accident, Freeny underwent a regular check-up with Alice Messer, CFNP, who confirmed a diagnosis of chronic neck and low back pain. The clinic refilled Freeny's prescriptions for OxyContin and Roxicodone.

Following the accident, Freeny next visited NewSouth NeuroSpine on March 13, 2008, for his regular monthly appointment. The records confirm that after the accident he complained of increased neck pain. But no adjustments to his pain medications were made. In fact, the records before the Court reveal no adjustment to Freeny's pain medication regimen at any time since the February 18, 2008, accident.

Freeny continued to work for Weston Building Supply Company on a full-time basis through at least April 28, 2008, when he suffered another work-related injury. Mot. Summ. J. [18], Ex. A, Winkelmann Excerpts, at 19 (Notes of Alice Messer, CFNP, following April 9, 2008, office visit); *id.* at 20 (April 28, 2008, patient visit clinic note). Thereafter, Freeny "continue[d] to work part-time in light duty status." *Id.* at 22 (Notes of Hilary Armstrong, FNP, following February 26, 2009, office visit). At some point between April 28, 2008, and July 22, 2010, Freeny resumed full-time work for Weston, but he was reportedly laid off between July 22, 2010, and August 19, 2010. *Id.* at 25 (Notes of Alice Messer, CFNP, following July 22, 2010, office visit); *id.* at 26 (Notes of Alice Messer CFNP, following Aug. 19, 2010, office visit).

Freeny alleges in this lawsuit that, as a result of the February 18, 2008, accident, he suffered fractured ribs and injuries to his neck and back "superimposed over pre-existing conditions." Pl.'s Resp. [23] at 1. As part of his requested damages, Freeny claims past, recurring, and future medical expenses, past and future pain and suffering, and past and future lost wages. Freeny's sole designated expert witnesses are Drs. Winkelmann and Azordegan, both of whom treated Freeny at NewSouth NeuroSpine. Pl.'s Designation of Experts [15]. Neither doctor opines that his damages were caused by the February 2008 accident.

Defendant's Motion for Partial Summary Judgment seeks dismissal of Plaintiff's claims for (1) lost wages; (2) costs of monthly pain medication regimen and/or monthly treatment(s); (3) future medical treatments; and (4) future pain and suffering. Def.'s Summ. J. Mot. [18] at 6. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The

nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

Finally, it is important to note that "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379-80 (5th Cir. 2010) (citations and quotations omitted). The 2010 amendments to Rule 56 now make this abundantly clear. Pursuant to Rule 56(c)(1), a party asserting that a fact "is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Moreover, Rule 56(c)(3) now states: "Materials Not Cited. The court need consider only the cited materials, but it may consider other

materials in the record." In this case, Freeny offers a number of factual assertions without directing the Court to the "particular parts" of the record that support his contentions. The Court has nevertheless made every effort to consider the record as a whole.

III.   Analysis

Griffin argues that Freeny cannot establish a causal connection between the February 2008 accident and certain categories of damages. Freeny responds by correctly observing that Griffin can be liable for reasonably foreseeable harms. Pl.'s Mem. [24], at 2. But this argument misapprehends the motion. The issue is not whether Freeny's claimed harm was reasonably foreseeable but whether Freeny has offered competent record evidence causally connecting the harm with the February 2008 accident.

To prove the element of proximate cause under Mississippi tort law, a plaintiff must produce evidence "which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." *Burnham v. Tabb*, 508 So. 2d 1072, 1074 (Miss. 1987) (citing W. Keeton, *Prosser & Keeton on Torts* § 41 (5th ed. 1984)). In the absence of direct evidence of causation, "it must be possible to draw a 'reasonable inference' that the allegedly negligent act 'proximately contributed' to the injury." *Patterson v. Radioshack Corp.*, 268 F. App'x 298, 301 (5th Cir. 2008) (citing *Burnham*, 508 So. 2d at 1074).

A.   Past Monthly Pain Regimen and Recurring and Future Medical Expenses

As to Freeny's claim for expenses related to his past monthly pain regimen and recurring and future medical care, he must prove "to a reasonable certainty," that the February 2008 accident caused him to incur those expenses. *Potts v. Miss. Dep't of Transp.*, 3 So. 3d 810, 813

5

(Miss. Ct. App. 2009). "While in less complex cases where causation may be understood with only common sense, causation may be proved by lay testimony alone; . . . with injuries that are medically complicated, . . . expert testimony is required to prove causation." *Berry v. Southwest Airlines Co.*, Civil Action No. 3:07cv305-TSL-JCS, 2008 WL 3874368, at *2 (S.D. Miss. Aug. 15, 2008) (citing *Cole v. Superior Coach Corp.*, 106 So. 2d 71, 72 (Miss. 1958) ("In all but the simple and routine cases . . . , it is necessary to establish medical causation by expert testimony.")). "Medical testimony that only demonstrates a mere possibility of causation, but fails to reasonably establish that a defendant's actions more likely than not were the cause of the plaintiff's injuries, is legally insufficient to prove cause in fact." *Patterson*, 268 F. App'x at 301. Finally, "[o]nce [Defendant] raised the issue of causation in a motion for summary judgment, [Plaintiff] was required to come forward with some evidence that a cause of his injuries was, in reasonable medical probability, [the accident]." *Id.* at 302–03; *see Watson v. Johnson*, 848 So. 2d 873, 879 (Miss. Ct. App. 2003) (affirming summary judgment where plaintiff provided no medical evidence that he suffered injuries caused by the automobile accident in question).

Freeny has not met this standard. As Griffin notes, the evidence regarding Freeny's neck and back-related medical treatment shows that he was under Dr. Winkelmann's ongoing care for nearly a decade before the February 2008 accident. And the February 2008 accident had no impact on Freeny's medication regimen. That fact comports with Dr. Winkelmann's sworn statement in June 2000 that for the rest of his life, Freeny would need the very regime he followed immediately after the February 2008 accident and continues to follow today. Mot. Summ. J. [18], Ex. B, Winkelmann Aff.

Faced with this evidence, Freeny was required to come forward with expert testimony establishing the causal connection between his past and future back and neck-related medical care and the February 2008 accident.  *See Patterson*, 268 F. App'x at 302–03.  He did not.  Instead, Freeny contends that the fact-finder must apportion damages between those caused by Freeny's pre-existing condition and those caused by the February 2008 accident.  Pl.'s Mem. [24] at 4.  This argument is true in the abstract, but it ultimately fails because Freeny has offered no record evidence establishing causation.

The case Freeny cites makes the point.  In *Koger v. Adcock*, the Mississippi Court of Appeals reversed a judgment on a jury verdict in favor of the defendant because a jury instruction improperly stated the law on pre-existing conditions.  25 So. 3d 1105, 1110 (Miss. Ct. App. 2010).  The Court of Appeals stated:

> We agree that the law provides that Koger is not entitled to damages for any injuries which existed at the time of the accident with Adcock.  However, if Adcock's negligence caused any aggravation of any preexisting injury to Koger, Adcock bears the responsibility for the portion of the injury or the aggravation of the injury that he caused; and the jury may be instructed to consider the aggravation of the injury.  Moreover, where the jury cannot apportion the damages, the defendant may be liable for the whole amount of damages.

*Id.* (citations omitted).  *Koger* expressly states that apportionment occurs "if [defendant's] negligence caused any aggravation of any preexisting injury."  *Id.*  Proof of causation is still required.  *See Burnham*, 508 So. 2d at 1074.  And Freeny's failure to come forward with any

competent evidence linking his neck and back-related medical treatment to the February 2008 accident is fatal to his claim for those alleged injuries.[1]

  B.  Future Pain and Suffering

Freeny's claim for future pain and suffering likewise fails because there is no proof from which a reasonable fact-finder could link any future pain and suffering to the accident. It was Freeny's burden to come forward "with sufficient evidence to prove [his] damages by a preponderance of the evidence," and to establish, "to a reasonable certainty," that the accident caused those damages. *Potts*, 3 So. 3d at 813. In the absence of such evidence, the claim for future pain and suffering related to the neck and back injuries must fail. *See Patterson*, 268 F. App'x at 302–03. As to alleged future pain and suffering flowing from his rib injuries, Griffin moved in general to dismiss all future pain and suffering, and Freeny has not directed the Court to any record evidence—expert or otherwise—suggesting that he will face future pain and suffering due to the rib injuries. The motion is therefore granted.

  C.  Lost Wages

Griffin finally argues that Freeny's claim for past and future lost wages suffers from the same deficiency as his claims for medical expenses and pain and suffering—no evidence links the February 2008 accident to any alleged inability to work. The Court agrees. As Griffin observes, Freeny's medical records indicate that he continued to work full-time after the accident and reduced his hours only after a subsequent work-place injury some two months later.

---

[1] It does not appear that Griffin intended to seek summary judgment concerning medical treatment related specifically to the broken ribs. To the extent it did, then the motion is denied because sufficient record evidence exists to find that the February 2008 accident caused the broken ribs. That said, Freeny has not demonstrated that the monthly pain regimen was caused by this accident.

Thereafter, Freeny worked part-time for some period of time, later resumed full-time work, and was ultimately laid off.  Mot. Summ. J. [18], Ex. A, Winkelmann Excerpts.

Freeny does not directly refute these facts with record evidence.  Instead, he points to his W-2 forms which evidence reduced hours in 2008 and 2009.  But the mere fact that Freeny's hours were reduced in the two years after the accident does not establish the requisite causal link.  Moreover, the W-2s reflect wages for the full year.  They would not, therefore, rebut Griffin's evidence that Freeny worked full-time after the February 2008 accident but lost hours when in that same year he suffered another on-the-job injury.  Finally, Freeny offers no other evidence—such as an affidavit or employment records—to establish his lost wages claim.  Absent proof that the accident caused the damages, Freeny is not entitled to past or future wage-loss damages.

IV.   Conclusion

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is granted.  Plaintiff's claims for (1) lost wages; (2) costs of monthly pain medication regimen and/or monthly treatment(s); (3) future medical treatments; and (4) future pain and suffering are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 28th day of February, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE